[No. 9582.   Department One.   November 17, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Vincent N. Savin, Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS — OFFICERS — REMOVAL — CIVIL SERVICE COMMISSIONS—SCOPE OF CHARGE. Under Seattle city charter, art. 16, § 12, providing that, upon the removal of an officer, the civil service commission shall, upon demand for an investigation, make the same and if the removal is not sustained the officer shall be reinstated, upon the removal of a police officer for conduct unbecoming an officer, in being in a compromising position with a woman, the findings and decisions of the civil service commission that the removal is sustained for the reason that he was guilty of conduct unbecoming an officer in cultivating the acquaintance of the woman, although he was not guilty of being in a compromising position, is not objectionable as being based upon a distinct offense other than the one charged, under a rule of the commission requiring causes for removal to be fully stated; since the commission only found him guilty of a lower degree of the offense charged (DUNBAR, C. J., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 14, 1911, reinstating a member of a police force, upon review of the proceedings of the civil service commission sustaining such removal. Reversed.

[1]Reported in 118 Pac. 821.

*Scott Calhoun* and *Stephen V. Carey*, for appellants.

*Vince H. Faben*, for respondent.

Gose, J.—On and prior to August 8, 1910, the respondent was a police patrolman in the city of Seattle, holding his office under appointment from the chief of police of that city. On the date stated, the chief of police removed the respondent from office, and filed with the civil service commission, over his signature, the following statement of the cause of removal: "Name: Vincent Savin. Patrolman. Date of removal 8-5-10. Cause of separation, Removed: Conduct unbecoming an officer, being in a compromising position with a respectable married woman." Within the time fixed by the city charter, the respondent appealed to the civil service commission of the city. A hearing was thereupon had before the commission. The respondent appeared in person and by counsel. Witnesses were sworn, examined, and cross-examined, and the order of removal was sustained by the commission. The finding of the commission is as follows:

"The investigation of the dismissal of patrolman Vincent Savin was called, all parties interested being present. The following witnesses were sworn and examined: (Names of witnesses.) After the introduction of the testimony, the commission unanimously decided to sustain the action of the chief of the police department in dismissing Mr. Savin. In doing so, however, the commission announced that they were not prepared to find from the testimony that Mr. Savin had been guilty of the serious offense with which he was charged. But the department is sustained in its action for the reason that the commission finds that Mr. Savin in cultivating the acquaintance of Mrs. Pappas, under the circumstances as narrated by him, was guilty of conduct unbecoming a police officer."

The respondent was thereafter reinstated in office by a judgment of the superior court, in a proceeding to review the order of the commission. The city and the civil service commission have appealed.

Section 12 of art. 16 of the city charter, so far as pertinent to the present inquiry, is as follows:

"Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employee so removed may, within ten days after his removal, demand an investigation. The commission shall forthwith make such investigation, and its finding and decision shall be certified to the appointing officer and if the removal is not sustained thereby, the officer or employee so removed shall at once be reinstated."

A rule, which we assume was adopted by the commission for its own government, the record not clearly indicating its source, is as follows:

"When separation is by removal, causes must be clearly and fully stated, for investigation, if instituted, will be confined to causes mentioned."

No oral evidence was introduced in the superior court, and the judgment must stand or fall upon the facts stated.

The appellants contend that, upon the record, the court had no jurisdiction to review the proceeding of the commission. The respondent insists that the commission "assumed the power of removal upon a charge distinctly separate and different from the one which moved the appointing officer to cause the separation of the respondent" from office. The latter view was adopted by the trial court. In a memorandum opinion, the trial judge justifies his position in the following language:

"The civil service commission upon the trial announced that they were not prepared to find from the testimony that Mr. Savin had been guilty of the offense with which he was charged, but proceeded to sustain the removal upon grounds other than those specified by the chief of police in the order of separation. This they had no authority to do. They were limited in the trial to an investigation of the specific grounds stated by the chief of police and when those grounds

were not supported by the testimony, and they were unable to find that such grounds really existed, it was their duty to reinstate the relator."

We do not so read the record. The commission expressly states that it unanimously sustains the order of removal. The record shows, by inference too strong to be doubted, that the woman to whom the chief refers in his order is the same person named in the order of the commission. The effect of the commission's order is that it sustains the removal, not because the officer was in a "compromising" position with the woman, but because his conduct toward her was "conduct unbecoming an officer." In other words, the commission softened the order of the chief and found the respondent guilty of a lesser offense clearly included in the greater. We think the removal was sustained within the meaning of the section of the charter quoted. In considering this section of the charter in *Price v. Seattle*, 39 Wash. 376, 81 Pac. 847, Justice Rudkin expressed the opinion of the court in part as follows:

"When, therefore, the appointing power files with the civil service commission a statement in writing showing good and sufficient reasons for the removal, and after investigation the commission confirms the action of the appointing power, the removal is complete, and any further appeal must be to public opinion."

*Easson v. Seattle*, 32 Wash. 405, 73 Pac. 496, cited by the respondent, is not in point. It holds that the power of removal by a public officer under the charter rests in the chief of police and not in the civil service commission. This is undoubtedly true. We agree with the trial court and the respondent that the commission must act upon the grounds stated in the order of removal. To state the proposition in another form, the appointing power cannot remove an officer upon one ground, and have the removal sustained upon a ground separate and distinct from that relied upon by the removing officer. This view does not militate against the

commission finding that the officer is not guilty of the offense stated in its aggravated form, but that he is guilty of a lower grade of the offense charged.

The judgment is reversed.

FULLERTON, MOUNT, and PARKER, JJ., concur.

DUNBAR, C. J. (dissenting)—I am constrained to dissent from the majority opinion in this case.    It is the established law of this state, and I think conceded by the majority, that the right to remove an officer must be initiated by the appointing power.    If this means anything, it means that the commission, in its appellate jurisdiction, is confined to an examination of the offense charged by the appointing power. In this instance the charge was, conduct unbecoming an officer; not generally, but conduct of an officer being in a compromising position with a respectable married woman. Passing the seeming paradox in this statement, there was only one question for the commission to determine; that was the naked question whether the respondent had been found guilty of being in a compromising position with a respectable married woman.    It is said in the majority opinion that the commission expressly states that it unanimously sustained the order of removal, but it *just as expressly* states that it did not find the respondent guilty of the offense charged, but did find that he had been guilty of conduct not becoming an officer in cultivating the acquaintance of Mrs. Pappas under the circumstances as narrated by him; thereby, as the majority say, finding him guilty of a lesser offense clearly included in the greater.    It may have been included in the greater and it may not.    It may have been that the offense of which he was found guilty by the commission had been committed the day before the offense charged by the chief of police, or the week, or month, or year before, or any indefinite time.    In fact, the presumption would be a violent one that the officer would be found in a compromising position with a respectable married woman on the

same day on which he became acquainted with her. If the commission had the right to find the respondent guilty of the offense of which it did find him guilty, under the general statement that he was guilty of conduct unbecoming an officer, it would, with equal propriety, find him guilty of the crime of larceny, or of burglary, or of common drunkenness, or of any crime which was in reality unbecoming an officer. It is conceded by the majority that the appointing power cannot remove an officer upon one ground, and have the removal sustained upon a ground separate and distinct from that relied upon by the removing officer. It seems to me that the record in this case shows that the offense upon which the conviction of the commission was based was or might have been entirely separate and distinct from that relied upon by the removing officer, and that the trial court was justified in so finding.

The judgment should be affirmed.