[No. 4529.  Decided March 5, 1903.]

THE STATE OF WASHINGTON, *on the Relation of Allen F. Gill, Respondent,* v. P. F. BYRNE, *Appellant.*

31  213
39  381

CITY OFFICERS — REMOVAL FROM OFFICE BY VOTE — EFFECT OF MOTION TO RECONSIDER.

Where an ordinance creating an office provides that the incumbent may be removed upon the recommendation of the mayor, with the concurrence of the city council, one who has been removed in that manner and his successor duly confirmed can assert no right to hold the office by reason of the fact that motions to reconsider the votes on his removal and on the confirmation of his successor were pending.

SAME — TITLE TO OFFICE — CESSATION OF CONTROVERSY.

Action to try title to an office should be dismissed on the ground of the cessation of the controversy, where, after the commencement of action brought pending a motion before a city council to reconsider plaintiff's removal, a vote on the motion had been taken adversely to plaintiff.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge. Reversed.

*Cullen & Dudley,* for appellant.

*Robertson, Miller & Rosenhaupt* and *Winston & Winston,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action is brought by the respondent
to try title to the office of city engineer of the city of
Spokane. The office of city engineer of said city is created
by ordinance, and the ordinance creating the office provides
that the incumbent may be removed from office upon rec-
ommendation of the mayor or board of public works, with
the concurrence of a majority of all the members of the
city council, or he may be removed, without recommenda-
tion of the mayor or board of public works, by a three-
fifths vote of all the members of the city council. In the
fall of the year 1901 the respondent was appointed to the
position of city engineer, and duly qualified. On Febru-
ary 18, 1902, the mayor recommended his removal, in
the following message to the city council:

"I hereby recommend the removal of Allen F. Gill from
the position of city engineer and nominate instead for
said position Mr. Peter F. Byrne."

Upon the receipt of this message by the council, a
motion was made and carried to concur in the recommen-
dation of the removal, the vote standing six for concurrence
and four against. After the vote was taken, but before
the result was announced, councilman Baldwin, who had
voted no, changed his vote to aye, and gave notice of his
motion to reconsider the vote. A motion was thereupon
duly made and seconded that the council confirm the
appointment of the appellant, who was the person nom-

inated by the mayor as city engineer. This motion was carried, seven members voting for, and three against, confirmation. Upon the conclusion of this ballot, councilman Baldwin, who had voted against confirmation, changed his vote to aye, and gave notice of a motion to reconsider this vote. The president of the council thereupon declared the appointment of the appellant as city engineer confirmed. On February 25, 1902, the appellant qualified by filing his bond and taking the oath of office. On March 4, 1902, at the next regular meeting, the motion to reconsider was taken up, the vote by which the council had affirmed the recommendation of the mayor was reconsidered, and, upon motion, the vote upon the affirmance was again taken, and the recommendation of the mayor was again confirmed, seven members of the council voting yea and three nay. The same action was taken on the mayor's message in relation to the appointment of the appellant as city engineer, and the chair declared the appointment of Peter F. Byrne as city engineer duly confirmed. The appellant demanded possession of the office, but the respondent refused to surrender the same, and has since remained in the undisturbed possession of the office. This action was brought to determine who was the proper incumbent of the office.

The right of the council and mayor to remove the engineer in the manner in which he was removed has been sustained by this court on principle in the case of *State ex rel. McReavy v. Burke*, 8 Wash. 412 (36 Pac. 281), and directly in the case of *Kimball v. Olmsted*, 20 Wash. 629 (56 Pac. 377). It is contended by the respondent that, inasmuch as he brought this action during the pendency of the motion to reconsider, this court must base its decision upon the title to the office as it existed at the time of the

commencement of the action; that, by reason of the reconsideration of the vote removing him, the respondent was a *de jure* officer, and that the appellant could not have his rights considered because he never thereafter qualified to take the office. It would seem that, when the council voted to concur in the recommendation of removal, the respondent was removed from the office, for that is the process of removal pointed out by the law. The giving of a notice that a motion would be made to reconsider could not possibly reinstate him in the office, for the motion might never be made, and, if made, it might not carry. So that the mere giving of a notice that a motion to reconsider would be made at some future time would not have the effect of abrogating the positive action of the council in declaring his removal, or the other positive action of confirming the appointment of the appellant. But conceding, for the purposes of this case, that it would, still it would not avail the respondent; for, even if his action were properly brought at the time it was brought, yet, subsequent to that time and before the trial, he had been removed from the office by action of the council in again confirming the recommendation of the mayor after the reconsideration and upon the final vote on that question. It being made to appear to the court that he had been legally removed at the time of the trial, the subject of the controversy had ceased, so far as he was concerned, and neither that court nor this could give him any relief, under the rule announced in *Hice v. Orr,* 16 Wash. 163 (47 Pac. 424), and many cases subsequently decided.

The judgment is reversed, with instructions to the lower court to dismiss the cause.

FULLERTON, C. J., and MOUNT, HADLEY and ANDERS, JJ., concur.