[No. 9248.  Department One.  April 24, 1911.]

JACK KING, *Appellant*, v. GEORGE P. LISTMAN *et al.*
*Respondents.*[1]

MUNICIPAL CORPORATIONS—POLICE OFFICER — REMOVAL — GROUNDS.
A sergeant of police, assigned to duty as a captain of a temporary
force, resumes his former relation to the regular force upon the ex-
piration of the temporary office of captain, and his refusal to report
for duty as a sergeant warrants his dismissal for insubordination.

CERTIORARI—REVIEW OF BOARDS—DISMISSAL OF POLICE OFFICER.  A
writ of certiorari to review the dismissal of a police officer by the
civil service commission is properly quashed where the cause as-
signed for dismissal was sufficient.

Appeal from an order of the superior court for King
county, Gilliam, J., entered April 15, 1910, sustaining an
order of the civil service commission confirming the dismissal
of a member of a city's police force.  Affirmed.

*Thos. H. Bain* and *Smith & Cole* for appellant.

*Scott Calhoun, H. D. Hughes,* and *C. B. White,* for re-
spondents.

PER CURIAM.—On May 3, 1909, the city of Seattle, by
ordinance, provided for a temporary increase in its police
department to meet an emergency then existing.  The ordi-
nance provided for the appointment of one captain, three
sergeants, and thirty-six patrolmen, to serve for a period of
five months.  One L. J. Stuart was appointed to the tem-
porary captaincy so created, and served until about the
middle of August, 1909, when he was made a permanent
captain of the police force.  On August 20, 1909, the ap-
pellant, who was then a sergeant on the regular police force,
was appointed to fill the vacancy created by the promotion of
Stuart.  His appointment was designated in the order as a
temporary appointment to fill out an unexpired term of two
months and five days.

[1]Reported in 115 Pac. 93.

Before the expiration of term fixed in the original ordinance, the city council, by another ordinance, extended the time of the appointment until January 1, 1910. On December 29, 1909, the chief of police of the city of Seattle ordered the appellant to report for duty as a sergeant, and filed a report with the civil service commission of the city of Seattle notifying that body that he had separated the appellant from his duties as captain, assigning as his reason that the position was not provided for in the 1910 tax levy. On January 7, 1910, the chief of police further notified the commission that he had separated the appellant from further duty in the police department, giving as his reasons "insubordination, refusing to don a sergeant's uniform and perform a sergeant's duty." Later on, pursuant to the rules of the civil service department, the appellant demanded a hearing before that body on the legality of the orders of the chief of police. The hearing was granted, and the appellant was heard in person and by counsel, whereupon, on February 1, 1910, the civil service commission entered an order sustaining and confirming the acts of the chief of police. On March 10, 1910, a writ seeking a review of the order of the civil service commission was granted by the superior court of King county, returnable March 25, 1910, at which time the corporation counsel of the city of Seattle appeared and moved to quash the writ. This motion the court sustained, and this appeal was taken therefrom.

The appellant contends that there was no sufficient legal reason assigned for the order of the chief of police of December 29, 1909, by which he undertook to reduce the appellant from the rank of captain to that of a sergeant of police, and hence the order of the civil service commission is reviewable in the courts, under the authority of *Price v. Seattle*, 39 Wash. 376, 81 Pac. 847. But we think there was a sufficient legal reason. The office of captain, which he was filling, was a temporary creation, and expired by its own limitation upon the day he was ordered to report for duty as a sergeant.

The appellant, by reason thereof, and by operation of the police regulations, resumed his former relations to the police department. He was thus subject to be assigned a duty in his resumed relation, and when he refused to perform that duty could be dealt with for insubordination. The reasons assigned for the removal being legally sufficient, the court will not inquire into the facts. The order appealed from is affirmed.