[No. 13004. Department One. October 17, 1916.]

D. C. KESSLER, *Appellant,* v. THE CITY OF SEATTLE *et al.,*
*Respondents.*[1]

MUNICIPAL CORPORATIONS—EMPLOYEES—DISCHARGE—CIVIL SERVICE—CHANGE OF CHARTER. District health and sanitary inspectors not under civil service at the time of their appointment, and continued in the performance of their original duties without further appointing, are not affected by a change in the city charter requiring vacancies to be filled and additional employees to be appointed subject to the civil service.

SAME—EMPLOYEES—DISCHARGE—REDUCING NUMBER—CIVIL SERVICE. A city has power to reduce the number of city employees in the interest of economy, and the courts will not review the appointing power in making a selection among those equally efficient and retaining those longest in service.

JUDGMENT—RES JUDICATA—IDENTITY OF ISSUES. A judgment setting aside a discharge of a qualified sanitary inspector under the civil service while unqualified persons were retained, is not *res judicata* preventing the city from reducing the number of employees by ordinance, in the interest of economy, and the appointing power from making a selection from the qualified persons in service.

Appeal from a judgment of the superior court for King county, Clifford, J., entered February 19, 1915, dismissing an action for the reinstatement of a discharged civil service employee, tried to the court. Affirmed.

[1]Reported in 160 Pac. 423.

*Julius L. Baldwin,* for appellant.

*James E. Bradford* and *William B. Allison,* for respondents.

FULLERTON, J.—In December, 1909, the appellant was employed by the city in its health department, being later appointed district sanitary inspector. On August 11, 1913, he was temporarily discharged by the commissioner of health, whereupon he instituted proceedings in the superior court of King county against the commissioner of health and the civil service commission to compel his reinstatement. He was successful in the proceedings and thereafter resumed his duties. Subsequently the city of Seattle enacted an ordinance relating to the health department which reduced the number of district sanitary inspectors to six. This required the suspension of certain of the persons so employed, and the appellant, among others, was separated from the work and placed on the preferred waiting list. He thereupon instituted the present proceeding against the commissioner of health, the civil service commissioners, and the several sanitary inspectors remaining in office, seeking reinstatement and an injunction against his further discharge from the position. A trial was had on the merits of the cause, resulting in a judgment dismissing the proceedings. This appeal followed.

The appellant was appointed to a position in the health department after having taken and passed the city's civil service examination. Certain of the inspectors retained after his second suspension were appointed without such examination. All of them, however, are older in service than is the appellant. It is the appellant's principal contention that the inspectors holding office without taking the civil service examination are holding in violation of the city charter, and hence he could not lawfully be suspended so long as any one of such persons retained his position.

The question presented hinges for its determination upon the charter provisions of the city of Seattle. Prior to March 3, 1908, the charter provided for a board of health, consisting of three physicians to be appointed by the mayor. The board was empowered to appoint and remove at pleasure a health officer, and such other subordinate officers as might from time to time be deemed necessary by the city council. There was no requirement that any of the persons so appointed be subject to the civil service rules. On the date given, the city amended the charter, the principal change being the abolishment of the board of health and vesting its powers in a commissioner of health. By the amendment the commissioner was given supervision and control of all matters pertaining to the "health and sanitation affairs of the city," with power to appoint medical assistants and nurses and fill such vacancies as may "occur in other positions now existing in said department and any additional employees hereafter appointed, . . . such vacancies to be filled and additional employees appointed by the commissioner subject to civil service rules and regulations;" taking away the power to remove at pleasure the employees of the department.

The employees of whom the appellant complains were appointed to their positions prior to the change in the charter. They were continued after the change without further appointment, and are now performing the same duties they were originally appointed to perform, although they were not at first given the specific title of district sanitary inspectors.

It is our opinion that they were legally appointed and are now lawfully in office. It is clear that, under the charter as it existed at the time of their appointment, they were not subject to the civil service regulations. Being lawfully in the service, their position was not affected by the change in the charter. The amendment, neither by express words nor necessary implication, declared the positions vacant. On the contrary, the inference arising from the language used tends to

the opposite conclusion. The commissioner was only empowered to fill vacancies occurring in the department and appoint additional employees when such should be required, such new appointees only to be selected subject to civil service rules and regulations.

The power of the city council to reduce the number of city employees in the interest of economy cannot be successfully questioned. Where such a reduction is made requiring a dismissal or suspension of some employee, it is not a matter of injustice, requiring correction by the courts, for the appointing power in making a selection among those equally efficient to retain those longest in service.

The appellant further urges that the judgment in the former case is *res judicata* of the question here involved. But without setting out the facts giving rise to the former proceeding, we think it manifest that the two causes are not the same. While the judgment seems to have been rested on the principle that unqualified employees were retained in positions in the service and the appellant, a qualified person, dismissed from a similar service, there is no such showing in this record. Here all of the employees were qualified, the number was reduced by ordinance, and the appellant selected for suspension because of his shorter period of service. No prior judgment of the court not embodying the same facts could be *res judicata* of the question.

The order is affirmed.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.