[No. 15555.   Department One.   January 27, 1920.]

THE STATE OF WASHINGTON, *on the Relation of C. A. LaGrave, Appellant,* v. THE CITY OF SEATTLE, and HARRY W. CARROLL, *City Comptroller, Respondents.*[1]

MUNICIPAL CORPORATIONS (65, 90)—OFFICERS AND AGENTS—REMOVAL—CIVIL SERVICE RULES. A city council has power to abolish an office and distribute the duties among other employees of the office, thereby making a saving without an addition to the force, where the civil service rules gave the incumbent no preference right of employment over those assigned to perform his duties.

Appeal from a judgment of the superior court for King county, Allen, J., entered June 2, 1919, upon findings in favor of the defendants, in an action to compel the reinstatement of a discharged civil service employee, tried to the court. Affirmed.

*Jas. A. Dougan,* for appellant.

*Walter F. Meier, Geo. A. Meagher,* and *H. R. Fullerton,* for respondents.

PARKER, J.—The relator, LaGrave, commenced this proceeding in the superior court for King county, seeking a writ of mandate to compel his reinstatement as an employee in the office of the city comptroller in the

[1] Reported in 187 Pac. 339.

city of Seattle, invoking the civil service provisions of the city charter in that behalf. A trial in the superior court upon the merits resulted in findings and judgment denying to the relator the relief prayed for, from which he has appealed to this court.

The relator was employed for a number of years immediately preceding October 4, 1918, by the city of Seattle in its comptroller's office. His civil service standing and classification was designated as "Accountant grade B 7." This has reference only to his rank or standing as an employee and not to his duties as an accountant, other than that his duties were that of an accountant, speaking generally. During several years prior to relator's discharge on October 4, 1918, he occupied the position of "Chief Accountant" in the comptroller's office. This designation of his position had reference to the nature of his duties, and the comptroller, under whom he was working, assigned to him the performance of duties such as would ordinarily be performed by one occupying a position so designated in an office in which a number of persons are employed doing accounting and clerical work. The position had been so designated, covering a period of a number of years prior to relator's discharge, in several communications written by the comptroller to other departments of the city government; it had also been so designated in communications written by the relator himself to other departments of the city government; and it was so designated in the salary ordinance which was in force prior to and up to the time of relator's discharge. There had been passed by the city council an ordinance, which became effective on October 4, 1918, in express terms abolishing the position of chief accountant in the office of the city comptroller; and by authority thereof, on October 3, 1918, the city comptroller addressed a communication to the

civil service commission, advising that commission of the fact that the relator had been discharged from the position of chief accountant in his office, to take effect October 4, 1918, stating the reason therefor to be that such position had been abolished by ordinance. This communication to the civil service commission was made with a view of complying with a provision of the charter requiring notice of the discharge of employees to be given the commission. The trial court found in part as follows:

"That since the 4th day of October, 1918, part of the work formerly done by the relator herein has been performed, and is being performed, by other qualified civil service employes of the city of Seattle employed in the department of the city comptroller and ex-officio city clerk in connection with and as a part of their other duties, and no addition to the office force has been made to fill the position abolished. That by reason of the abolishment of said position of chief accountant a saving in the actual running expenses of the department of city comptroller and ex-officio city clerk of the city of Seattle in the way of salaries has been made in a sum approximating one hundred ninety dollars ($190) per month.

"That since the 4th day of October, 1918, no appropriation was made by the city council of the city of Seattle for the purpose of providing a salary for the position of chief accountant, and no appropriation during said period was made by the said city council for the purpose of providing for salaries for the same position by another name.

"That said ordinance No. 38736, abolishing the position of chief accountant, was passed in good faith and in the interest of economy, and not for the purpose of circumventing and evading the civil service act of the city of Seattle."

We have read the evidence introduced upon the trial, which we have before us, and deem it sufficient for pres-

ent purposes to say that we are quite convinced that it supports these quoted findings of the trial court.

The principal contention of counsel for appellant seems to be that the passage of the ordinance abolishing the position which he occupied was not passed in good faith, or with any other motive on the part of the city than to work the discharge of relator from the city's service. As we have already noticed, however, the findings of the trial court were to the contrary, and we are satisfied that such findings have ample support in the evidence. This being true, there seems little to be said by us, in the light of the well settled law touching the power of the city of Seattle to discharge civil service employees. The rule decisive of this case, as we view it, is well stated by Judge Fullerton, speaking for the court in *Kessler v. Seattle,* 93 Wash. 192, 160 Pac. 423, as follows:

"The power of the city council to reduce the number of city employees in the interest of economy cannot be successfully questioned. Where such a reduction is made requiring a dismissal or suspension of some employee, it is not a matter of injustice, requiring correction by the courts, for the appointing power in making a selection among those equally efficient to retain those longest in service."

This statement of the law and the city's power in the premises finds abundant support in the former decisions of this court: *King v. Listman,* 63 Wash. 271, 115 Pac. 93; *State ex rel. Voris v. Seattle,* 74 Wash. 199, 133 Pac. 11; *State ex rel. Burris v. Seattle,* 82 Wash. 464, 144 Pac. 695.

Counsel for appellant relies particularly upon our decision in *State ex rel. Gilmur v. Seattle,* 83 Wash. 91, 145 Pac. 61. In that case, there was involved a manifest attempt on the part of the city authorities to discharge an employee holding a position under the civil

service provision of the charter, by abolishing the position, in name, which he held and, immediately upon his discharge, re-creating it under another name and giving the position to another, with the same duties attached thereto as had been performed by Gilmur. We are quite convinced that the facts of this case do not bring the claims of the relator here made within the rule of that decision, or any of the decisions therein cited as supporting the law as therein announced.

It does appear, we may concede, that the duties which relator performed as chief accountant in the city comptroller's office, upon the abolition of the position he occupied, were distributed among other employees of the office; but it does not appear that the relator has any preference right of employment, under the civil service rules, superior to the right of any of those to whom the duties he performed were assigned.

We are quite convinced that the judgment of the trial court must be affirmed. It is so ordered.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.