[No. 16436.   Department Two.   September 13, 1921.]

A. G. FORD, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS (65, 66)—EMPLOYEES—REMOVAL—CIVIL SERVICE RESTRICTIONS—REVIEW BY COURTS. Where a city has by its charter vested its officers with exclusive authority to discharge civil service employees on stating the "reasons therefor," without specifying what reasons are sufficient, such action of its officers is not reviewable by the courts.

Appeal from an order of the superior court for King county, French, J., entered November 30, 1920, in favor of the defendants, dismissing certiorari proceedings to review a decision of the civil service commission of Seattle confirming the action of the chief of police in discharging a member of the police force.   Affirmed.

[1]Reported in 200 Pac. 568.

*Walter S. Fulton* and *R. L. Blewett,* for appellant.

*Walter F. Meier, Nelson T. Hartson,* and *Charles T. Donworth,* for respondents.

FULLERTON, J.—The appellant, Ford, was formerly in the employment of the city of Seattle as a member of its police force. On April 20, 1920, he was discharged from the force by the then chief of police, for the stated offense of offering to release from custody certain persons, whom he had arrested for gambling, on the payment to him of a certain sum of money. Later on the chief of police filed with the civil service commission of the city a statement in writing showing his reasons for the removal, as required by the city charter. Within ten days thereafter the appellant demanded an investigation by the civil service commission of the charges against him. That body complied with the demand and granted him a hearing at which evidence was taken in support and in opposition to the charges. At the conclusion of the hearing, the commission rendered a decision in which they confirmed and sustained the action of the chief of police. The conclusions of the commission were made matter of record on June 29, 1920, and later on, namely, on July 27, 1920, the appellant applied to the commission for a rehearing of the cause, basing his motion on newly discovered evidence, shown in affidavits filed with the application. The commission refused to reopen the cause, basing its refusal on the ground that it was without jurisdiction so to do.

On September 22, 1920, the appellant applied to the superior court of King county for a writ of review, seeking to have reviewed in that court the order of discharge of the chief of police and the confirmatory order of the civil service commission. A writ was granted by the court without notice, directed to the city of

Seattle, its civil service commission and its chief of police, as defendants, commanding them, on a day certain, to transmit the record of the proceedings to the superior court. On the return day, the defendants appeared by counsel and moved the court to quash the writ and dismiss the proceedings on the ground of want of jurisdiction of the subject-matter of the action and insufficient facts to constitute a cause for relief. The court sustained the motion on both of the grounds stated, and entered an order quashing the writ and dismissing the proceedings. From this order, the present appeal is prosecuted.

As the appellant points out, there is but one question presented by the record for the determination of this court, namely, did the trial court err in refusing to review the evidence on which the chief of police and the civil service commission acted in discharging the appellant from his position on the police force.

In our opinion, the question involved is controlled by our decision in the cases of *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847; *King v. Listman,* 63 Wash. 271, 115 Pac. 93, and *State ex rel. Walcott v. Boyington,* 110 Wash. 622, 188 Pac. 777. In the first of these cases it appeared that the respondent, Price, was employed as a driver in the street department of the city of Seattle, and came within its classified civil service list of employees. He was removed from his position by the city superintendent of streets for insubordination, neglect and refusal to perform his duties. He demanded an investigation by the civil service commission of the causes assigned for his removal, and was granted a hearing, in which the order of the city superintendent of streets was confirmed. He then sought, by a mandatory injunction sued out in the superior court of King county, to be reinstated to his position with the

city. That court granted him the relief sought, but, on the appeal of the city, we reversed the judgment of the trial court, holding that the city charter of the city of Seattle vested the power of removal in the appointive officers of the city and that their action in that respect was final, and not subject to review by the courts except for the legal sufficiency of the reasons assigned. In the course of the opinion, after pointing out the distinction between statutes and city charters under which removals are held to be reviewable in the courts and those under which they are held not to be so reviewable, we used this language:

"In adopting the civil service system for the purpose of securing, and retaining in its employ, competent servants, we are of the opinion that the people of Seattle deemed it wise to impose no restrictions upon the power of removal, except a requirement that the reasons shall be stated in writing, and an investigation allowed by an impartial board of its own creation. In adopting a charter it was competent for the city to adopt the first rule above stated, which admits of a removal at pleasure and without cause, or the second, which only admits of a removal after a hearing and upon cause shown. In our opinion the city adopted a course midway between the two. It doubtless considered the requirement that the reasons for the removal should be stated in writing and made a matter of record a sufficient safeguard against improper removals, and an investigation by the civil service commission a sufficient protection to the discharged employee. Whether such provisions are wise or unwise is not for the consideration of this court. Where the system extends to a large number of employees, the right of every discharged employee to resort to the courts would doubtless impair, in a measure, the usefulness and efficiency of the system itself. In any event, we do not think that the framers of the charter ever intended that the courts should be resorted to in such cases. When, therefore, the appointing power files with the civil ser-

vice commission a statement in writing showing good and sufficient reasons for the removal, and after investigation the commission confirms the action of the appointing power, the removal is complete, and any further appeal must be to public opinion. *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Gill v. Byrne,* 31 Wash. 213, 71 Pac. 746." *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847.

In the second case, it appeared that the city of Seattle temporarily increased its police force, and assigned one King to the captaincy of one of the three squads into which the temporary force was divided, he then being a sergeant upon the regular force. On the discharge of the temporary force, King was ordered by the chief of police to report for duty as a sergeant. He refused to so report, whereupon the chief of police entered an order discharging him from the police force. He thereupon demanded an investigation by the civil service commission on the legality of the order. This was granted, and on the hearing the order of the chief of police was sustained. The discharged officer sought to review the action of the officer and the commission by a writ of review sued out of the superior court. There, as here, the court on motion quashed the proceedings and dismissed the action. On the appeal to this court the following language was used:

"The appellant contends that there was no sufficient legal reason assigned for the order of the chief of police of December 2, 1909, by which he undertook to reduce the appellant from the rank of captain to that of a sergeant of police, and hence the order of the civil service commission is reviewable in the courts, under the authority of *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847. But we think there was a sufficient legal reason. The office of captain, which he was filling, was a temporary creation, and expired by its own limitations upon the day he was ordered to report for duty as a sergeant. The appellant, by reason thereof, and by operation of

the police regulations, resumed his former relations to the police department. He was thus subject to be assigned a duty in his resumed relation, and when he refused to perform that duty could be dealt with for insubordination. The reasons assigned for the removal being legally sufficient, the court will not inquire into the facts. The order appealed from is affirmed." *King v. Listman,* 63 Wash. 271, 115 Pac. 93.

The third of the cited cases was an appeal from an order of the superior court refusing to review an order of the civil service commission of the city of Spokane in which that body dismissed an employee of the city serving in the fire department. The judgment of the trial court was affirmed, Judge Parker, speaking for the court, saying:

"The city, by its charter, can create a tribunal with power to finally decide the question of whether or not a city employee shall be dismissed from, or retained in, the service of the city. Now this is what the city of Spokane, by its charter provisions above quoted, has done. It has not only given to the civil service commission the power to decide questions of fact, that is, as to what acts have been committed by an employee which are sought to be shown as grounds for his dismissal, but also the question as to whether or not the particular acts drawn in question constitute sufficient cause for the dismissal of an employee. It is to be noted that the charter provisions above quoted only require that the order of suspension shall state the *'reasons therefor.'* Nothing is specified in the charter as to what are, or what are not, sufficient reasons for the suspension of an employee by the head of the department, or for his final dismissal by the civil service commission. It would seem, therefore, that the question as to what acts are, and what are not, sufficient to warrant the dismissal of an employee is a question to be decided by the civil service commission, just as the question of whether or not such cause exists in fact is to be decided by the civil service commission."

*State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777.

These cases, as we say, control the question now before us. They announce the rule that a city has power to vest in its officers exclusive authority to discharge and dismiss employees of the city, and that the city of Seattle has, by its charter, exercised the power. The trial court, therefore, did not err in holding that it was without jurisdiction to review the evidence on which the dismissal of the appellant was based. The judgment will stand affirmed.

PARKER, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.