(No. 5515.  Decided July 28, 1905.)

GEORGE D. PRICE, *Respondent*, v. THE CITY OF SEATTLE
*et al., Appellants.*[1]

OFFICERS — REMOVAL — MUNICIPAL CORPORATIONS — EMPLOYEES. In
the absence of restraints, the power of appointment to an office for
an indefinite term implies the power to remove.

SAME—REVIEW BY COURTS.   The removal of a municipal employee
or officer holding an indefinite term, pursuant to the charter pro-
visions therefor and approved by the civil service commission in the
manner directed, is final and cannot be reviewed by the courts, where
the charter authorizes the appointing power to make the removal
upon the filing of a statement in writing of the reasons therefor, and
provides for a hearing before the civil service commission, which
has power to approve the removal or reinstate the employee.

SAME. The right to a hearing before an impartial board does not
change the rule that the removal of a municipal officer effected in the
statutory manner is final and conclusive on the courts.

1Reported in 81 Pac. 847.

Appeal from a judgment of the superior court for King county, Bell, J., entered September 29, 1904, upon findings in favor of the plaintiff, granting a writ of mandate to compel the plaintiff's reinstatement as a city employee.   Reversed.

*Scott Calhoun* and *O. B. Thorgrimson,* for appellants, contended, *inter alia,* that the power to remove is incident to the power of appointment, unless restricted by statute. *Easson v. Seattle,* 32 Wash. 405, 73 Pac. 496; *Trainor v. Board of Auditors,* 89 Mich. 162, 50 N. W. 809, 15 L. R. A. 95; *Shurtleff v. United States,* 189 U. S. 311, 23 Sup. Ct. 535, 47 L. Ed. 828; *People ex rel. Brennan v. Scannell,* 70 N. Y. Supp. 983; *State ex rel. Brandt v. Thompson,* 91 Minn. 279, 97 N. W. 887.   The courts have no power to review a removal made in conformity with the statutes. *State ex rel. Churchill v. Hay,* 45 Neb. 321, 63 N. W. 821; *Patton v. Vaughan,* 39 Ark. 211; *State ex rel. Keech v. Thompson,* 26 Hun 28; *State ex rel. McReavy v. Burke,* 8 Wash. 412, 36 Pac. 281; *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Gill v. Byrne,* 31 Wash. 213, 71 Pac. 746; *State ex rel. Howlett v. Cheetham,* 19 Wash. 330, 53 Pac. 349.

*P. D. Hughes* and *Fenley Bryan,* for respondent, to the point that there must be a "cause" for the removal, and it must be one touching the qualifications of the officer, cited: *State ex rel. Hart v. Common Council,* 53 Minn. 238, 55 N. W. 118, 39 Am. St. 595; *State ex rel. Haight v. Love,* 39 N. J. L. 14; *People ex rel. Munday v. Fire Com'rs,* 72 N. Y. 445; *State ex rel. Gill v. Common Council,* 9 Wis. 229; *State on Complaint of Kennedy v. McGarry,* 21 Wis. 502.

RUDKIN, J.—On and prior to the 31st day of October, 1903, the plaintiff was employed as a driver in the street department of the city of Seattle, in the classified civil service.   On the above date he was removed by the city superintendent of streets for insubordination and neglect and re-

fusal to perform his duty. The superintendent thereupon filed with the civil service commission a statement in writing, showing his reasons for the removal, as required by § 12, of art. 16, of the city charter. Within ten days thereafter the plaintiff demanded an investigation by the civil service commission, and such demand was complied with. After such investigation the commission certified its findings and decision to the appointing officer, confirming his action in directing the removal. The regularity of these proceedings is not questioned. This action was brought against the city and the civil service commission for a mandatory injunction to reinstate the plaintiff in his former office or employment. The plaintiff had judgment below, and the defendants appeal.

It is the contention of the respondent that he was discharged for a refusal to perform more than eight hours labor for one day's pay. His particular contention is that the city required him to feed, clean, and care for the horse driven by him, mornings and evenings, in addition to his eight hours of labor, performed on the public streets. The appellants contend that it is customary for drivers and teamsters to care for their horses mornings and evenings, and that such requirement on the part of the city is not in violation of the charter provision that eight hours shall constitute a day's labor. The appellants further contend that the respondent was removed in the manner pointed out by the charter, and in strict compliance therewith, and that the courts cannot review the action of the appointing officer and the civil service commission in this proceeding. In view of the conclusion we have reached on the second question presented by the appellants, we do not deem it necessary to construe the provision of the city charter which declares that, "Eight hours shall constitute a day's work and no employee of the city, on city works, shall be required to work longer than eight hours for one day's pay."

In the absence of restraints imposed by the constitution or by statute, the power of appointment implies the power

of removal, where no definite term is attached to the office
or employment by law. *People ex rel. Griffin v. Lathrop,*
142 N. Y. 113, 36 N. E. 805; *Easson v. Seattle,* 32 Wash.
405, 73 Pac. 496. Again, where a statute or municipal
charter provides that a municipal officer may be removed for
cause, the proceedings for removal are judicial in their nature,
and, by the weight of authority, subject to review in the
courts, by proper proceedings. Under which class do the
provisions in question fall? Section 8 of art. 14 of the charter
of the city of Seattle, provides as follows:

"Unless otherwise provided by law or this charter, each
officer, board or department authorized to appoint any deputy,
clerk, assistant or employee shall have the right to remove
any person so appointed."

Section 12 of art. 16 of the same charter provides as
follows:

"Every officer or employe in the classified civil service
shall hold office until removed or retired. Any officer or
employe in such service may be removed by the appointing
power only upon the filing with the commission of a state-
ment in writing of the reasons therefor. Any officer or em-
ploye so removed may within ten days after his removal
demand an investigation. The commission shall forthwith
make such investigation and its finding and decision shall
be certified to the appointing officer, and if the removal is
not sustained thereby, the officer or employe so removed shall
at once be reinstated. Nothing in this article shall limit the
power of any officer to suspend without pay a subordinate
for a period not exceeding thirty days. In the course of any
investigation, each member of the commission shall have
power to administer oaths, and the commission shall have
the power to require the attendance of any officer or employe
or other person and the production of books and papers rele-
vant to such investigation. The provisions of this section
shall not apply to the removal of the chief of police."

Had the charter stopped with the requirement that the
appointing power should file with the commission a statement
in writing showing the reasons for removal, the charter would

in all respects be analogous to Bal. Code, § 108, which provides that,

"Whenever the governor is satisfied that any officer not liable to impeachment has been guilty of misconduct or malfeasance in office or is incompetent, he shall file with the secretary of state a statement showing his reasons with his order of removal,"

and in such cases we are satisfied that the courts are without jurisdiction to inquire into the question of removal, except possibly the legal sufficiency of the reasons assigned. *O'Dowd v. Boston,* 149 Mass. 443, 21 N. E. 949.

The fact that another provision of the charter permits the officer or employee to demand an investigation at the hands of the civil service commission, and empowers the commission to reinstate him, does not, in our opinion change the rule. In adopting the civil service system for the purpose of securing, and retaining in its employ, competent servants, we are of opinion that the people of Seattle deemed it wise to impose no restrictions upon the power of removal, except a requirement that the reasons shall be stated in writing, and an investigation allowed by an impartial board of its own creation. In adopting a charter it was competent for the city to adopt the first rule above stated, which admits of a removal at pleasure and without cause, or the second, which only admits of a removal after a hearing and upon cause shown. In our opinion the city adopted a course midway between the two. It doubtless considered the requirement that the reasons for the removal should be stated in writing and made a matter of record a sufficient safeguard against improper removals, and an investigation by the civil service commission a sufficient protection to the discharged employee. Whether such provisions are wise or unwise is not for the consideration of this court. Where the system extends to a large number of employees, the right of every discharged employee to resort to the courts would doubtless impair, in a measure, the usefulness and efficiency of the system itself. In any

event, we do not think that the framers of the charter ever intended that the courts should be resorted to in such cases. When, therefore, the appointing power files with the civil service commission a statement in writing showing good and sufficient reasons for the removal, and after investigation the commission confirms the action of the appointing power, the removal is complete, and any further appeal must be to public opinion. *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Gill v. Byrne,* 31 Wash. 213, 71 Pac. 746.

The judgment of the court below is therefore reversed, with directions to dismiss the action.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, and CROW, JJ., concur.