[No. 17113.     Department One.     September 29, 1922.]

CHRIS RYAN, *Appellant,* v. THE CITY OF EVERETT *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (65, 66)—EMPLOYEES—REMOVAL—CIVIL SERVICE RESTRICTIONS—REVIEW BY COURTS. The findings of the civil service commission dismissing a police officer upon sustaining charges of unfitness for office, will not be reviewed by the courts, where the same was not arbitrary or capricious and the dismissed employee was present and represented by counsel and given opportunity to offer all his evidence, and sufficient appeared to warrant a dismissal.

SAME (66)—PROCEEDINGS—COSTS. Under a city charter making it the duty of the city attorney to represent the civil service commission as well as the city, it is error to allow double costs for their separate appearance, in proceedings brought by a police officer to review the action of the commission in discharging him from the service.

Appeal from a judgment of the superior court for Snohomish county, Brawley, J., entered November 26, 1921, upon sustaining demurrers to the complaint, dismissing certiorari proceedings to review a decision of

[1]Reported in 209 Pac. 532.

the civil service commission of Everett dismissing an employee of the police department. Modified.

*Sherwood & Mansfield,* for appellant.

*R. J. Faussett* and *J. W. Dootson,* for respondent city of Everett.

*Williams & Davis,* for respondent Civil Service Commission.

Tolman, J.—Appellant, as plaintiff below, by his amended complaint, sought to review the findings and order of the civil service commission of the city of Everett, whereby, after a hearing, he was removed from the position of policeman of such city, and prayed also for reinstatement in his former position, and for the recovery of his salary accruing during the time he was separated from the service. To this amended complaint, the respondent city interposed a demurrer, and the respondent civil service commissioners interposed a motion to dismiss for want of sufficient allegation of facts, which motion was considered and treated as a demurrer. These demurrers were sustained by the trial court, and appellant, electing to stand on his amended complaint, has appealed from the judgment of dismissal which followed.

The governing facts set forth in the amended complaint, so far as necessary to be here detailed, are substantially as follows:

The charter of the city of Everett provides for a civil service commission, and places the members of the police department under and subject to civil service rules. It further provides that all employees, at the time of the adoption of the charter, shall retain their positions unless removed for cause, and that removals shall only be made by the civil service commission after the employee has been suspended by the head of the depart-

ment under which he is employed, charges preferred, and a hearing had. It is further alleged that, on or about January 31, 1921, the commissioner of safety of such city wrongfully attempted to dismiss appellant from his position as policeman, and has since refused to allow him to perform his duties, or to continue in the employ of the city; that the city has refused to pay his salary accruing since the date mentioned, and that on or about February 1, 1921, the commissioner of safety filed with the city clerk, as secretary of the civil service commission, a statement and charges as follows:

"Civil Service Commission,        Feb. 1st, 1921.
    "Everett, Washington.

"Gentlemen:—Patrolman Chris Ryan, Everett Police Department, has been suspended for cause from 8:00 P. M., January 31st, and following statement of charges are hereby filed against him with your honorable body.

"1. Conduct unbecoming a police officer.

"Specifications: (a)—That said Patrolman, Chris Ryan, at divers times during the years 1919 and 1920, in the City of Everett, he being a police officer in the city of Everett, Washington, did solicit and receive money from women who were practicing prostitution; the said women being later arrested and forfeiting their bail on such charge of practicing prostitution.

"(b)—That the said Patrolman, Chris Ryan, at divers times and places within the city of Everett has sold articles of merchandise, canary birds, etc., at extravagant prices to women keepers of rooming houses; a number of such women having later been arrested on charges of prostitution and have forfeited their bail.

"2. General unfitness for police service.

"Specifications: That the said policeman, Chris Ryan, is generally unfit for the performance of duty as police officer, as is shown by the record of suspension for cause taken from the official records:

"(a) October, 1914, suspended from duty for ten days without pay for misconduct.

"(b) October, 1916, dismissed for drunkenness.

"(c) August, 1919, suspended for thirty days without pay for brutally beating a youthful prisoner.

"3. Charge—insubordination and refusal to obey orders.

"Specifications: That the said patrolman Chris Ryan, Everett Police Department, on or about 8 P. M., January 31st, 1921, at Police Headquarters, Everett, Wash., did willfully refuse to obey the lawful orders of Captain S. M. Mellison, Everett Police Department, to turn in his police star, and police equipment owned by the city of Everett; the said captain being then and there in the discharge of his duty and having notified the said Patrolman Ryan of suspension from duty for cause.

"Patrolman Ryan's dismissal for drunkenness October, 1916, ended his civil service status when he failed to appeal from such dismissal for said cause. His appointment in June, 1917, was without regard to civil service regulations and has since so continued.

"C. A. T.: A. S.          C. A. Turner,
                "Commissioner of Safety."

Appellant, on February 9, 1921, filed with the civil service commission a notice of appeal from the order or statement of suspension made by the commissioner of safety, and thereafter by reason of the issuance of a peremptory writ of mandate sued out in another cause, a hearing was had, after due notice, on April 21, 1921, and thereafter continued until April 26, 1921, resulting, on April 29, 1921, in written findings and an order made by such commission, as follows:

"This matter coming on regularly for hearing on the 21st day of April, 1921, at the City Hall in the City of Everett, before the Civil Service Commission of the City of Everett, on the suspension of Chris Ryan, a police officer of the said City of Everett. The said Chris Ryan being present in person and by his attorneys Sherwood & Mansfield, and the commissioner of safety, C. A. Turner, being present in person and the said hearing having been regularly continued upon the

application of the said Chris Ryan to the 26th day of April, 1921, and the said Chris Ryan and the said Commissioner of Safety having submitted evidence at both of said hearings, and from the evidence the said Civil Service Commission makes the following findings, to-wit:

"I.

"That Chris Ryan, while a Patrolman in the Police Department of the City of Everett during the years 1919 and 1920, did sell produce to women conducting hotels in the City of Everett, said women at said time being engaged in the business of conducting houses of prostitution in such hotels, and it being known by the said Ryan that said women were conducting houses of prostitution. It was not established by the evidence that Ryan solicited money from said women.

"II.

"That all of the charges contained in item No. 2 were true and admitted to be true by Chris Ryan, and the said Chris Ryan was punished for the conduct mentioned in said charges by suspension from the service.

"III.

"That the said Chris Ryan while engaged in his duties as patrolman in the City of Everett did fail and refuse to obey the orders of his superior officers and was guilty of insubordination.

"IV.

"That said Chris Ryan was suspended on January 31, 1921, by C. A. Turner, Commissioner of Safety, of the City of Everett, for good and sufficient cause, and that it is ordered that Chris Ryan be and he is hereby finally discharged and removed as patrolman of the Police Department of the City of Everett, and

"It is further ordered that such discharge shall take effect as of the date of his suspension, to-wit: January 31, 1921.

"Dated this 29th day of April, 1921.

"Charles Gable,
"A. N. Russell,
"A. W. Hooton,
"Civil Service Commissioners
of the City of Everett."

The amended complaint charges that error was committed by the commission in a number of respects; that the commission acted in an arbitrary, capricious and unjust manner; that the commissioners did not exercise their honest judgment, and that therefore the findings and conclusions and order of removal were and are void, illegal, unenforcible, and should be set aside.

It is apparent that appellant, having been accorded a hearing after due notice, we are not now concerned with the fact that he was obliged to take action to secure that hearing, and our present inquiry may be confined to the question of whether or not there was anything occurring at the hearing, or manifest in the results arrived at, which will justify the courts in interfering.

In *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777, in which a charter provision of the city of Spokane in all respects similar to the charter provision here involved was under consideration, this court said:

"Now, while the subject of the dismissal of civil service employees under a charter provision of the nature here in question is, in a limited sense, a matter of judicial cognizance in the courts, the inquiry which the courts are permitted to make relative thereto can, in no event, extend to the merits, generally speaking, of a case heard and decided by the civil service commission. The reason is that the employee would not, upon his dismissal, have any right of redress whatever except for the charter provisions, which give him the right to be heard before the tribunal created by the charter. Manifestly, had the charter given to the head of the department in which appellant was employed unrestrained authority to hire and discharge employees in that department, the courts would, under no circumstances, have jurisdiction to entertain any phase of the question of appellant's dismissal from, or retention in, the service of the city."

And further it was there said:

"It may be that the hearing accorded an employee by the civil service commission in a particular case might be so unfair in the circumscribing of the employee's opportunity to be heard, or in some other respect, as to conclusively show such arbitrary and capricious action on the part of the civil service commission as to call for the conclusion that its members did not exercise their judgment at all, and thus warrant interference by the courts, preventing the putting into force of the decision of the civil service commission so rendered; but we are quite convinced this is not such a case. Appellant was awarded full opportunity to be heard, and evidence was heard tending, at least in some measure, to prove the charges made against him as the cause of his suspension and dismissal. This, we think, is, in any event, as far as the courts may inquire into the questions of fact involved."

See, also, *Ford v. Seattle,* 117 Wash. 55, 200 Pac. 568.

So here, there is nothing but the bare conclusion of the pleader to support the charge of arbitrary action on the part of the commission. Having power to hear and determine, the commission has also the power to pass on incidental matters arising in the course of the hearing, such as the motion to make more definite and certain, the ruling upon which is complained of, the admissibility of evidence, and the like. And in the absence of a showing that the commission acted arbitrarily in such matters and that thereby the appellant was deprived of an opportunity to present evidence in his own behalf, or that no competent evidence was introduced upon which the findings can rest, the courts cannot interfere. It is shown by the record that appellant was present and represented by counsel at the hearing, and it is nowhere charged that any evidence offered by him was rejected or refused consideration, or that, under any possible conditions, he could have obtained

and offered other or further evidence. Hence the specific charges of the amended complaint respecting matters of procedure need not be further considered.

It is further contended that the acts and misconduct charged constitute no legal or substantial ground for removal, and that there is a variance between the charges and the findings of the commission. In the *Wolcott* case, *supra,* it is expressly held that,

"It has not only given to the civil service commission the power to decide questions of fact, that is, as to what acts have been committed by an employee which are sought to be shown as grounds for his dismissal, but also the question as to whether or not the particular acts drawn in question constitute sufficient cause for the dismissal of an employee."

And while the findings did not in all respects go to the full extent of the charges, we cannot say that there is not enough in what is found to warrant dismissal.

The last assignment of error is based upon the allowance of costs separately, both to the city of Everett and to the civil service commission, they having appeared separately by different counsel. It may be that the more orderly procedure would have been to first seek the writ of review against the commission alone, and, if successful in that, and if the city then refused to recognize appellant's rights, to thereafter by another action seek recovery of the salary; but no objection has at any time been raised to the joining of the city in this action, or to uniting the two causes of action, if there be two, hence we do not pass upon that question. The civil service commission is a mere agency of the city, and under § 29 of the city charter, it appears to be the duty of the city attorney to represent it as well as the city in such a case as this. Under the authority of *Seattle Taxicab & Transfer Co. v.*

*Seattle,* 86 Wash. 594, 150 Pac. 1124, double costs should not have been allowed.

The judgment will be modified in that respect, but otherwise affirmed. Neither party will recover costs on this appeal.

PARKER, C. J., MITCHELL, and FULLERTON, JJ., concur.