[No. 18031.   Department Two.   July 13, 1923.]

THE STATE OF WASHINGTON, *on the Relation of O. R. Boltin, Appellant,* v. FRANK COTTERILL *et al., as Board of Civil Service Commission of the City of Seattle, Respondent.*[1]

APPEAL (267)—RECORD—NECESSITY. Upon the failure of a litigant to preserve the testimony in the record, he cannot be heard to claim on appeal that there was no evidence to sustain the judgment.

MUNICIPAL CORPORATIONS (61, 66)—EMPLOYEES—REMOVAL—CIVIL SERVICE—REVIEW. Where there was some competent evidence to sustain the action of civil service commissioners in discharging a policeman, its weight and sufficiency cannot be inquired into on appeal.

Appeal from a judgment of the superior court for King county, French, J., entered April 25, 1923, dismissing certiorari proceedings to review a decision of the civil service commission of Seattle confirming the action of the chief of police in discharging a member of the police force.   Affirmed.

*E. F. Kienstra,* for appellant.

*Thomas J. L. Kennedy* and *Frank M. Preston,* for respondents.

TOLMAN, J.—Appellant, for some time prior to February 17, 1922, was a member of the police department of the city of Seattle, and subject to its classified civil service rules.   On that day he was discharged by order of the chief of police, and by appropriate action caused the matter to be heard by the civil service commission of that city on February 27, 1922, which body sustained the charges, and finally separated him from the service. By a petition filed March 9, 1923, in the superior court, he alleged that no evidence of any nature in support of

[1] Reported in 216 Pac. 851.

the charges against him was heard or received by the commission, and sought a writ of certiorari to be issued, directed to the civil service commission, directing it to certify to the court a full record of its proceedings in the case, and to show cause why its order should not be set aside and the petitioner reinstated in his employment. In response to the alternative writ, the defendants made return, among other things, denying petitioner's allegations as to there having been no evidence received on the hearing, and affirmatively alleging that, at the hearing, witnesses were sworn and testified upon both sides; full opportunity for petitioner to be heard was had, and that evidence was introduced supporting the charges, and amply justifying the order of dismissal; that no stenographer was present at the hearing; that the testimony was not preserved, and that the commission was, therefore, unable to furnish a record thereof.

Thereafter a hearing was had in the court below, and appellant was permitted to testify that he was present throughout the hearing before the commission, heard all of the testimony offered, that he himself testified, and that there was absolutely no testimony introduced relative to the charges against him; and, on cross-examination he testified:

"Mr. Bolton, you were heard before the commission along with officer Bowen, were you not? A. Yes, sir. Q. There was an officer by the name of Stetson who also testified? A. Yes. Q. This was a joint hearing, was it not, before the commission? A. A joint charge. Q. Represented by the same counsel? A. Yes. Q. I will ask you to state whether or not this is true: Was there not testimony offered by the police department that a certain Japanese had been held up in West Seattle and money taken from him by an officer under the threat of sending him to jail if it were not so given? There was that testimony? A. Yes. Q. There was that

evidence given? A. Yes. Q. And this Japanese that gave that evidence identified officer Bowen, didn't he? A. Slightly. He said he looked like the fellow. Q. He thought it was him, or something to that effect? A. He said he looked like officer Bowen. Q. You took the stand didn't you? A. I did. Q. And testified that on that day you were with officer Bowen in West Seattle? A. At Lincoln Beach. Q. With him in the vicinity of West Seattle on that day, is that correct? A. On that day, yes, in the morning. Q. In other words, you tied yourself up with the actions of officer Bowen for a portion of that day in West Seattle? A. For a portion of that day, yes, but not for all day. Q. Then there was some evidence taken with respect to your activities during that day, was there not? A. No evidence against me. Q. You took the stand, didn't you? A. I did. Q. You testified that you were with this officer who was identified? A. On part of that day, yes, but not all day. Q. What portion of the day did you testify you were with him? A. I was with that officer from about somewheres around 11 or 11:30, and then I was not with him again until something like two o'clock. Q. Do you know what time the Japanese testified he was held up? A. Yes, between 1:30 and 2 o'clock. Q. And where was he held up according to his testimony? A. Over in West Seattle somewhere on Lincoln Beach, I believe.''

Petitioner offered other evidence to the same general effect as his testimony in chief, the witnesses undertaking to say that no evidence tending to sustain the charges was received by the commission, but admitting that testimony was taken.

The trial judge was of the opinion that, evidence having been received by the commission, the court could not inquire into its sufficiency, and accordingly entered a judgment of dismissal, from which this appeal is prosecuted.

Appellant contends that, while the courts will not, in such a case, inquire into the weight and sufficiency of the evidence before the commission, yet they will, and

must, inquire if there was any evidence so received tending to support the charges. Assuming, for present purposes, such to be the rule, it is incumbent upon the party complaining to preserve and present the record for the purpose indicated, and such record would be the best, and, in many cases, perhaps the only admissible evidence of what testimony was received. No reason appears why appellant should not have provided a stenographer and preserved the record, and not having done so, he is in the same position as any other defeated litigant who has neglected the same precaution.

However that may be, the evidence given in this case, as herein set forth, overcomes the conclusion of appellant and his witnesses, and clearly indicates that some competent evidence was received by the commission tending to support the charges, and under our statute, and repeated rulings of this court, we may not inquire into its weight or sufficiency. Rem. Comp. Stat., §1010; *Price v. Seattle*, 39 Wash. 376, 81 Pac. 847; *State ex rel. Wolcott v. Boyington*, 110 Wash. 622, 188 Pac. 777; *Ford v. Seattle*, 117 Wash. 55, 200 Pac. 568; *Ryan v. Everett*, 121 Wash. 342, 209 Pac. 532.

The judgment appealed from must be and is affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.