[No. 19375.   Department Two.   July 18, 1925.]

ROBERT BRIDGES, *Appellant*, v. TOM S. PATTERSON *et al.,*
*Respondents.*[1]

MUNICIPAL CORPORATIONS (61, 66) — EMPLOYEES — REMOVAL —
GROUNDS—FINDINGS OF CIVIL SERVICE COMMISSION—REVIEW.  Where
the civil service commission exonerates a police officer from the
charge given by the chief of police for his discharge, but, "for the
good of the service," sustained his dismissal, the courts cannot re-
view the action, where there was no arbitrary action in receiving
or refusing to receive evidence.

Appeal from an order of the superior court for King
county, Charles E. Claypool, judge *pro tempore,* en-
tered January 22, 1925, upon sustaining a demurrer to
the complaint, dismissing an action for a writ of man-
damus to compel the reinstatement of a civil service
employee.  Affirmed.

*George F. Hannan,* for appellant.

*Thomas J. L. Kennedy* and *Frank M. Preston,* for
respondents.

HOLCOMB, J.—This appeal is from an order dismiss-
ing the action after sustaining a demurrer to the com-
plaint for a writ of mandate, and quashing a writ of
certiorari on the ground that the petition and affidavit
did not state sufficient facts.

The complaint alleges that the appellant was em-
ployed as a patrolman in the classified civil service of
Seattle, and on September 25, 1924, he was discharged
by the chief of police by an order reading as follows:

"Department of Police
City of Seattle

"General order No. 42.        September 25, 1924
"Effective September 8, 1924.

"Patrolman Robert Bridges is hereby dismissed
from the Department for having a stolen car in his

[1]Reported in 237 Pac. 998.

possession concerning which he has up to this time been unable to give a satisfactory explanation.

"By order of: W. B. Severyns."

On September 27, 1924, he was notified by the civil service commission of his discharge, embodying in the notice the reason given in the original order of the chief of police. The provisions of art. XVI, § 2, of the charter of Seattle respecting the rights of the department and of an employee are set out, which provide that every officer or employee in the classified civil service shall hold office until removed or retired, and that any officer or employee in such service may be removed or retired by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor, and that such an employee so removed may, within ten days after his removal, demand an investigation. It was alleged that an investigation was demanded and granted; that witnesses were duly sworn and examined; that no amendments or additions to the charges preferred by the chief of police were ever made; that appellant made a timely request to the commission for written findings; that thereupon the written findings of the commission were rendered to the effect that appellant was dismissed upon the charge of having a stolen car in his possession concerning which he had, up to the time of dismissal, been unable to give a satisfactory explanation, of which the commission finds that the charge was not sustained; that appellant did not knowingly have a stolen car in his possession. The commission further finds that for the good of the service appellant should be dismissed, and therefore his dismissal by the police department is sustained.

These findings were signed by two of the commissioners, and one commissioner voted to sustain the dis-

missal on the grounds stated in the notice of separation by the chief of police.

It is alleged that, at the time of his dismissal, appellant was drawing a salary of $155 per month, and that he had not received any pay since September 8, 1924; that, after the civil service commission certified the above decision, he made proper demand upon the chief of police for employment and was refused; that the city denies its liability to him for any sum of money; that he is entitled to reinstatement and entitled to his salary from September 8, 1924, until reinstatement, at the rate of $155 per month.

Appellant states that the sole point which he wishes to urge is this: In its decision the civil service commission exonerated him from the charges which were preferred against him by the chief of police, and then sustained the dismissal "for the good of the service."

It is asserted that, when the commission made a finding that the charge was not sustained;—that said Robert Bridges did not knowingly have a stolen car in his possession—that was the end of the functions of the commission. It is insisted that, from these findings, it must properly follow as a conclusion of law that Bridges was entitled to reinstatement. But instead of reinstatement the commission for some other reason, of which the chief of police never complained, sustained the dismissal.

The trial court sustained the demurrer upon the ground that "it appeared from the petition of appellant that § 12, art. XVI, of the city charter was complied with in the removal of appellant as patrolman. While the order of the civil service commission sustaining the dismissal contained some recitals which are seemingly inconsistent, its concluding portions sustain the removal."

Appellant relies largely upon our decision in *State ex rel. Savin v. Seattle,* 65 Wash. 645, 118 Pac. 821. In that case the chief of police removed a patrolman from office, giving as cause therefor in writing, ''conduct unbecoming an officer, being in a compromising position with a respectable married woman.'' In accordance with the provisions of the charter, a hearing was had by the civil service commission, after which the commission decided that they could not find that the patrolman had been guilty of the serious offense with which he was charged, but his discharge was sustained for the reason that the commission found that the patrolman had been guilty of conduct unbecoming a police officer, under the circumstances as narrated by him. He was thereafter reinstated in office by a judgment of the superior court in a review proceeding, which this court reversed and sustained the discharge and findings of the commission. In that case the city contended that the court had no jurisdiction to review a proceeding of the commission. The superior court had decided that the commission had no authority to find against the discharged officer on any other grounds than those stated by the appointing power when discharging him. It is stated in the opinion that the commission expressly states that it unanimously sustains the order of dismissal. The case of *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847, was cited and quoted.

But the effect of both the *Price* case and the *Savin* case, *supra,* eliminating some *non sequitur* statements, is that, where the statement in writing had been made by the appointing power, showing good and sufficient reasons for removal, and after investigation the commission confirmed the removal by the appointing power, the removal is thereby confirmed. It is true it

was said in the *Savin* case that the commission must act upon the ground stated in the order of removal.

"To state the proposition in another form, the appointing power cannot remove an officer upon one ground, and have the removal sustained upon a ground separate and distinct from that relied upon by the removing officer."

It is to be noted that the charter provisions only require that the order of removal shall state the reasons therefor. Nothing is specified in the charter as to what are and what are not sufficient reasons for removal. We held in *King v. Listman,* 63 Wash. 271, 115 Pac. 93, that refusal to put on a sergeant's uniform and perform the duties of that position was a sufficient reason to be stated in the order of removal by the appointing officer.

While the finding of the commission in this case, probably for the purpose of preventing any obloquy attaching to appellant by finding him guilty of larceny or receiving stolen property, and for the purpose of preventing his character being injured, made the finding by the majority of the commission that appellant did not *knowingly* have possession of a stolen automobile, the commission also undoubtedly passed upon other facts which appeared in its hearing upon the order of discharge that it deemed sufficient to justify the separation of the appellant from the department. As to what those facts were we have repeatedly held we may not inquire. *King v. Listman, supra; State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777; *Ford v. Seattle,* 117 Wash. 55, 200 Pac. 568; *Ryan v. Everett,* 121 Wash. 342, 209 Pac. 532; *State ex rel. Boltin v. Cotterill,* 125 Wash. 533, 216 Pac. 851.

Under the civil service provisions of the Seattle charter, it is not necessary, in discharging an officer or employee entitled to its benefits, that a reason therefor

be given which would be sufficient to sustain a criminal action. It is true that, in the order in question, the chief of police did state a reason for the discharge of appellant which would be sufficient to sustain a criminal charge. The civil service commission exonerated appellant of that serious charge, but found that, for the good of the service appellant should be dismissed. Since there is no contention by appellant that the commission was arbitrary in receiving or refusing to receive evidence, and since we may not go into the merits of the controversy before the commission, we must presume that the finding made by the commission as sufficient to sustain the charge against appellant was one connected with the reason assigned by the chief of police for discharging him. This presumption is borne out to some extent, if need be, by the concurring decision of the minority commissioner who voted to sustain the reason assigned by the chief of police. But even that is not a subject for inquiry by the courts.

We conclude that, under the provisions of the charter and the decisions above cited, the order sustaining the demurrer and dismissing the action is correct, and it is affirmed.

Tolman, C. J., Mackintosh, Fullerton, and Main, JJ., concur.