[No. 22550. Department One. December 1, 1930.]

The State of Washington, *on the Relation of B. H. Beebe, Appellant,* v. The City of Seattle *et al., Respondents.*[1]

*Dwight N. Stevens, Philip Tworoger,* and *George E. Flood,* for appellant.

*A. C. Van Soelen* and *Glenn E. Wilson,* for respondents.

[1]Reported in 293 Pac. 459.

HOLCOMB, J.—This appeal is from an order dismissing the action after sustaining a demurrer to the amended application for a writ of mandate by the trial court.

The amended application first sets forth the facts leading to the controversy and the determination thereof by this court in *State ex rel. Beebe v. Seattle,* 148 Wash. 565, 269 Pac. 850. That decision was filed in this court August 15, 1928, and the remittitur on or after thirty days subsequent. The further allegations of the amended petition may be stated substantially as follows:

After appellant was restored to duty by the city pursuant to the writ of mandate in the former case, George B. Avery, superintendent of public utilities of the city, and his assistant, Roy Furse, superintendent of the municipal railway system, began a systematic practice of harassing and annoying appellant in the performance of his employment. Such action was taken by Avery and Furse in bad faith and in spite, because of appellant's having successfully maintained his action in the courts; and because of the decision of this court in favor of appellant, Avery and Furse were required to observe the terms of the Seattle charter granting preference in employment to honorably discharged veterans who had served the United States in time of war.

Avery and Furse, in following up their practice of harassing and annoying appellant, laid him off without pay in November, 1928, and without a hearing of the alleged charges against him. On April 15, 1929, they transferred appellant, over his protest, from service as a conductor, to which position he had theretofore been entitled, to employment as a car operator, a position he was not qualified to fill. Such transfer was made solely for the purpose of obtaining grounds upon

which to discharge appellant; Avery and Furse well knowing that appellant was not qualified to serve as an operator. On May 3, 1929, when appellant had served as an operator but for a few days, he was discharged, without cause and without being given an opportunity to be heard, by Furse, with the approval of Avery.

Article 16, § 12, Seattle charter, provides:

"Removals. Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing power only upon the filing with the commission of a statement in writing of the reasons therefor. Any officer or employee so removed may within ten days after his removal demand an investigation."

The alleged reason given by Avery for the discharge of appellant was:

"Operator B. H. Beebe, No. 2472, entered the service of this department April 19, 1920, and was qualified as car operator December 18, 1928.

"Mr. Beebe's showing as an operator has not been such as to justify us keeping him in this position. For this reason and for the good of the service, he was this day dismissed."

Appellant demanded an investigation of his discharge, and was granted a hearing by the civil service commission, at which hearing he appeared in person and by counsel. The commission wholly failed and refused to conduct such investigation fairly or legally. It admitted testimony that was incompetent and inadmissible before any judicial or quasi-judicial body, such testimony being made up of unsworn statements by parties who were not present. The commission permitted Avery and Furse to try appellant on other charges than those set forth in the alleged written reasons for appellant's discharge. Avery and Furse also coerced certain witnesses who were employed by

them and who were called as witnesses by appellant, and illegally dismissed two of appellant's witnesses. Appellant was prevented from having an impartial investigation of Avery's alleged charge, and the investigation had was a farce.

Appellant did not incorporate in his application the evidence received and considered by the civil service commission nor that rejected by it offered by appellant. Hence there are nothing but conclusions stated by appellant as to whether incompetent evidence was received by that body, or whether any evidence they should have received was rejected.

Under our repeated holdings therefore, under the provisions of the Seattle charter and other like charters which have been quoted at length in various decisions, the courts have no power to inquire into the cause or reason for the removal. As we have said, the charter and the rules of the civil service commission provide an orderly procedure by which a discharged employee of the city may have the cause of his dismissal investigated, and the courts have no power or authority to alter or amend this procedure. They cannot inquire into the justice of the employee's cause, nor inquire whether the grounds upon which the discharge is based are well founded, unless it be in an extreme case, of which this is not one. Their power is confined to the inquiry whether the officers empowered to make the discharge have in so doing acted within the prescribed rules. *State ex rel. Lennon v. Kellogg,* 119 Wash. 584, 205 Pac. 843. To the same effect also are *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847; *King v. Listman,* 63 Wash. 271, 115 Pac. 93; *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777; *Ryan v. Everett,* 121 Wash. 342, 209 Pac. 532; *State ex rel. Boltin v. Cotterill,* 125 Wash. 533, 216 Pac. 851; and *Bridges v. Patterson,* 135 Wash. 436, 237 Pac. 998;

*State ex rel. Hubbard v. Seattle,* 135 Wash. 505, 238 Pac. 1.

We also stated in the *Wolcott, Bridges* and *Hubbard* cases, *supra,* that, under the provisions of the Spokane and the Seattle charters, it is required only that the order of removal shall state the reasons therefor. Nothing is specified in the charter as to what are and what are not sufficient reasons for removal. Without the charter provisions, as was said in the *Wolcott* case, *supra,* the discharged employee would have no redress upon his dismissal.

When appellant alleged in his amended application that he had demanded an investigation of his discharge and was granted a hearing by the civil service commission, at which he appeared in person and by counsel, in accordance with the provisions of the charter relating thereto, the allegations that the commission wholly failed and refused to conduct the investigation fairly or legally; that it admitted testimony which was incompetent and inadmissible; that it permitted Avery and Furse to try him upon other charges than those alleged in the written reasons for his discharge; that the alleged investigation was a farce—all are merely conclusions of the pleader without specific details from the record, legally sufficient, to substantiate them.

The courts may not presume that the civil service commission, whose authority had been invoked, conducted the investigation unfairly or illegally, without strong proof to the contrary. While the matter of the dismissal of civil service employees under such a charter provision is in a limited sense a matter of judicial cognizance, the inquiry which the courts are permitted to make relative thereto can in no event, generally speaking, extend to the merits of a case heard and de-

cided by the civil service commission. *State ex rel. Wolcott v. Boyington, supra.*

Under our decisions, we conclude that the order and judgment of the trial court were correct.

They are therefore affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.