[No. 25385. Department One. February 25, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Tom Tate, Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

[1]Reported in 41 P. (2d) 784.

636

*A. C. Van Soelen* and *Glen E. Wilson,* for appellants.

*Edwin J. Brown* and *Jacob Kalina* (*T. M. Royce,* of counsel), for respondent.

TOLMAN, J.—This is an appeal by the city of Seattle from a judgment in favor of the relator restoring him to the position of "trackman" in the municipal street railway system operated by the city, and awarding him the salary of the position for a portion of the time covered by his separation from the service.

The appellant city, by its assignments of error, questions the ruling of the trial court in failing to hold that the respondent was duly and regularly separated or removed from his position on September 1, 1931, and also the failure to hold that, in any event, respondent's right of action is barred by his own laches.

As we see it, the first question is determinative of the action, and is a question of fact to be determined under the civil service rules of the city. These rules are not questioned, nor is any question of construction raised. Therefore, in the interest of brevity, we shall refer to the rules but briefly.

By the charter, the administration of civil service is vested in the civil service commission, which is authorized to make rules for the examination, appointment, promotion and removal of various employees coming under its provisions. Among such civil service rules are:

Rule VII, which provides for the efficiency rating of employees, the keeping of records thereof, and provides that the efficiency records shall be open to the inspection of the head of the department and that each employee shall have the right to inspect his own effi-

ciency rating and the rating of all other employees in the same class and grade. Rule X, Sec. 5, reads:

"Sec. 5. Lay-off because of reduction of force shall be in the following order: (1) those who have no civil service standing; (2) probationary appointees not entitled to veteran preference; (3) probationary appointees entitled to veteran preference; (4) regular civil service employes not entitled to veteran preference; (5) regular civil service employes entitled to veteran preference.

"As between employes in groups (4) and (5) the following shall control the order of lay-off; To the average efficiency rating for the last two rating periods add one-half per cent for each of the first ten years of regular service in the position in question, and one-eighth per cent for each full year of service thereafter. The person serving in the designated position having the lowest average thus obtained shall be the first of the regular employes to be laid off; except that, between employes in Class 'K,' Transportation Service, lay-off shall be in inverse order of length of continuous service. In lay-off of laborers, each location or group may be considered separately with the consent of the commission, upon proper showing from the department involved."

Sections 6 and 7 of the same rule, regarding reinstatement and order of reinstatement, read as follows:

"Sec. 6. There shall be a reinstatement register which shall contain only the names of regular employes who, having passed the period of probation, shall have been laid off or reduced in grade by reason of lack of work or lack of funds. All persons whose names are listed upon such register shall, within two years from the day of lay-off, be entitled to reinstatement in the manner provided in section 7 of this rule to the same position and department, or to certification from the eligible list for original appointment to like positions in other departments; provided that if so appointed their right to reinstatement

in their former position shall cease at the expiration of the period of probation.

"Sec. 7. The person last laid off shall first be reinstated. If several were laid off at the same time, the one having the highest rating, as provided in section 5 of this rule, shall first be reinstated, except in reinstatement of persons in Class 'K,' transportation service, in which case length of continuous service shall control."

It appears as an established fact that respondent's last service as foreman was on August 5, 1929, and therefore, under section 6, rule X, just quoted, his eligibility for reinstatement as foreman expired on August 5, 1931. At that time, he was still employed as trackman, and continued to be so employed as a trackman until he was laid off for lack of work on September 1, 1931.

The principal and controlling question here is: Was the respondent wrongfully separated from his position as trackman on September 1, 1931?

The respondent seems to admit that his rating on the civil service record on the date when he was so laid off was such as to justify his separation from the service under the civil service rules; but apparently he contends that, by arbitrary action at some prior time, he had been denied and refused an efficiency rating which, if given to him, would at that time have resulted in his retention in the service and removal of some other having a less rating. In other words, his real complaint is against the official rating which he enjoyed at the time of his separation from the position.

It appears rather conclusively from the evidence that respondent's reduction in efficiency rating actually began as early as 1928, and dropped more or less gradually thereafter for reasons which may be inferred but need not be stated. Since respondent had

the right under the civil service rules to examine his ratings and those of others doing like work, it must be presumed that he, at all times, knew what his efficiency rating was, and how it compared with the rating of others with whom he must compete for continued employment. Indeed, there is no suggestion that he was not aware of the condition of the record with reference to his efficiency rating. Nor does it appear that he ever seriously questioned that rating or took any effective steps to correct it in any particular or to improve his standing on the official record.

■ A careful reading of the testimony entirely fails to disclose any testimony worthy of the name tending to establish arbitrary action or an abuse of discretion on the part of the officials who made up the efficiency record of the respondent as trackman; and in the absence of such arbitrary action or something of that nature, the courts have no power or authority to interfere with or substitute their judgment for that of the officials or board vested by law with the duty of determining and establishing of record the efficiency rating of such an employee.

"Under our repeated holdings therefore, under the provisions of the Seattle charter and other like charters which have been quoted at length in various decisions, the courts have no power to inquire into the cause or reason for the removal. As we have said, the charter and the rules of the civil service commission provide an orderly procedure by which a discharged employee of the city may have the cause of his dismissal investigated, and the courts have no power or authority to alter or amend this procedure. They cannot inquire into the justice of the employee's cause, nor inquire whether the grounds upon which the discharge is based are well founded, unless it be in an extreme case, of which this is not one. Their power is confined to the inquiry whether the officers

empowered to make the discharge have in so doing acted within the prescribed rules. *State ex rel. Lennon v. Kellogg,* 119 Wash. 584, 205 Pac. 843. To the same effect also are *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847; *King v. Listman,* 63 Wash. 271, 115 Pac. 93; *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777; *Ryan v. Everett,* 121 Wash. 342, 209 Pac. 532; *State ex rel. Boltin v. Cotterill,* 125 Wash. 533, 216 Pac. 851; and *Bridges v. Patterson,* 135 Wash. 436, 237 Pac. 998; *State ex rel. Hubbard v. Seattle,* 135 Wash. 505, 238 Pac. 1.'' *State ex rel. Beebe v. Seattle,* 159 Wash. 392, 293 Pac. 459.

The civil service rules being clear and certain, respondent's separation from the service having been made in accordance with the terms of those rules, and the respondent having failed to establish by a preponderance of the evidence any arbitrary or capricious action, he is not entitled to any relief which the courts can grant.

The judgment is reversed, with directions to dismiss the action.

MILLARD, C. J., BEALS, MAIN, and GERAGHTY, JJ., concur.