[No. 26296. Department One. January 5, 1937.]

THE STATE OF WASHINGTON, *on the Relation of Frank Benjamin Littau, Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

[1]Reported in 63 P. (2d) 515.

*Edward H. Chavelle*, for appellant.

*A. C. Van Soelen, Glen E. Wilson,* and *George T. McGillivray*, for respondents.

STEINERT, J.—Frank Benjamin Littau, as relator, filed in the superior court an affidavit and application for writ of mandamus to compel his reinstatement to the position of patrolman in the police department of the city of Seattle. Upon the issuance of an alternative writ, the city appeared by demurrer to the affidavit and application and by motion to quash the writ, and, without waiving either the demurrer or the motion, answered upon the merits. The court sustained the demurrer and granted the motion to quash. The relator elected to stand on his pleading, and the court thereupon entered judgment of dismissal with prejudice. The relator appealed and henceforth will be referred to as appellant.

Our statement of the case is based on appellant's pleading, which consists of the application and affidavit combined and an exhibit, attached thereto and made a part thereof, comprising a transcript of certain proceedings had before the civil service commission.

Prior to December 2, 1935, appellant had, for nineteen years, been employed as a police officer of the city of Seattle and, during all that time, had contributed to the pension fund of the police department. On December 30, 1935, the chief of police, by general order, dismissed appellant from the department, because of certain charges made against him on December 2nd by two residents of the city.

The appellant thereupon demanded of the civil service commission an investigation of the charges. A

66

hearing was ordered, at which appellant was present in person and represented by counsel. Evidence was taken at length, a transcript of which, as an exhibit, was, by attachment and reference, incorporated into, and made a part of, appellant's application for the writ.

After the hearing, the commission took the matter under advisement and later entered an order sustaining the action of the chief of police in dismissing appellant as of December 30, 1935. The reason for the discharge of appellant is disclosed by the transcript of the evidence taken at the hearing before the civil service commission.

It appears that, at about four-thirty a. m. of December 2, 1935, an automobile had parked near an apartment house at Second avenue and Blanchard street in Seattle. The occupants of the car were a young man and a young woman, both of whom were unmarried. The man maintained living quarters and also his business office in the apartment house and, upon the particular occasion, was intending to go to his room to attend to some telephone calls, while his companion waited for him in the automobile.

After getting out of the car, the man walked around to its opposite side, where the young woman was sitting, and, according to his usual custom on similar occasions when with her, kissed her a momentary good-bye. Just then, appellant, who was on duty in that vicinity, approached the couple and inquired what was going on. According to appellant's testimony, the young man and young woman were not only kissing each other, but were also indulging in lewd and lascivious conduct. Apparently, however, appellant was satisfied with the explanation given him at the time. At any rate, he made no arrest but went on down the street, presumably in the performance of his regular duties. The

driver of the car then went into the apartment house to attend his errand, while the young woman remained in the car with the doors locked.

Within a very few minutes, however, and while the young man was still in the apartment house, appellant returned to the car and rapped on the window. The occupant of the car unlocked the door, thinking that she was to be further questioned. Thereupon, appellant leaned into the automobile and at once began taking improper liberties upon her with his hands, at the same time asking her to kiss him. Taken by surprise and resenting his advances, the young woman commanded the officer to get away from the automobile. Just then, her companion appeared, and appellant thereupon retreated across the street and pursued his way.

On being told by his companion what had occurred in his absence, the young man, with the young woman accompanying him, drove around and about the streets in that vicinity in search of appellant and finally located him some distance away. A verbal altercation then took place between the two men, during which appellant threatened the driver of the car with arrest, unless he should "get going" at once.

The couple, after further discussing the matter between themselves, decided to report the occurrence to police headquarters, which they did. Two officers, accompanied by the man complainant, were dispatched to locate appellant and bring him to the station. After appellant had been brought to headquarters, further inquiry was made by one of the sergeants, who, later, at the hearing before the commission, testified that appellant had admitted to him that he had asked the young woman for a kiss. After some further investigation by the police department during the next ten days, appellant was discharged by the chief on Decem-

ber 30th. Thereupon, appellant applied to the civil service commission for further investigation.

It is but fair to state that appellant not only testified that the conduct of the young couple was publicly offensive on the particular occasion, but also strenuously denied that he had made any improper advances to the young woman, or that he had asked her to kiss him. On the other hand, there was not only considerable evidence, but also contributing circumstances, against him. The findings and decision of the civil service commission are amply supported by the record made before that board, and, since the record was specifically incorporated into appellant's application for the writ, the pleading as thus constituted was subject to demurrer, and, we think, the demurrer was properly sustained.

There are no specific assignments of error made in appellant's brief. We gather from the argument, however, that the grounds of appellant's present complaint are (1) that the civil service commission struck certain material evidence claimed by appellant to be favorable to him, and (2) that the evidence, as a whole, was not sufficient to support the commission's findings, and that its decision sustaining the discharge was arbitrary and capricious.

As to the first contention, several answers are applicable. In the first place, the evidence on which appellant relies related to an event which had no bearing whatever on the matter under consideration and did not tend to establish either the truth or the falsity of the real issue presented. The evidence touching the collateral matter was wholly irrelevant and immaterial to the issue involved and should have been stricken. In the second place, appellant consented that the evidence just referred to might be eliminated from consideration. In the third place, after the commission

had indicated, through one of the commissioners, that the evidence would be stricken unless the respondents desired to meet it, further inquiry into the same matter was made by both parties and without any objection by either. Finally, so far as the record in its entirety discloses, there is nothing to indicate that the commission did not-consider all the evidence as it stood.

As to the second contention, little need be said. Appellant demanded an investigation, and a full, fair, and impartial hearing was granted him, according to the provisions of Art. XVI, § 12 of the Seattle charter and the rules adopted pursuant thereto. There was but a single issue of fact presented. The evidence thereon was in conflict, and the preponderance thereof, as we view it, clearly and amply supported the decision and order of the civil service commission. Inasmuch as appellant himself saw fit to make the transcript of the evidence a part of his pleading, and since the evidence showed that appellant was given a hearing as prescribed by law, the application, considered in its entirety, was properly demurrable.

The principle of law governing the situation is this: When, in a case of removal from office or position within the classified civil service, it appears that the appointing power has filed with the civil service commission a written statement of the reasons for the removal, upon charges that cannot be said to be utterly frivolous, and when it further appears that the commission has awarded the party charged a full opportunity to be heard, and that competent evidence has been produced tending, in some measure at least, to prove the charges made, the court may not inquire into the weight or sufficiency of the evidence. Its power is confined to the inquiry whether the officers entrusted with the authority to effect removals and discharges have acted within the prescribed rules.

This principle has been affirmed time and again by many of our previous decisions, of which the following may be cited: *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847; *King v. Listman,* 63 Wash. 271, 115 Pac. 93; *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777; *Ford v. Seattle,* 117 Wash. 55, 200 Pac. 568; *State ex rel. Lennon v. Kellogg,* 119 Wash. 584, 205 Pac. 843; *Ryan v. Everett,* 121 Wash. 342, 209 Pac. 532; *State ex rel. Boltin v. Cotterill,* 125 Wash. 533, 216 Pac. 851; *Bridges v. Patterson,* 135 Wash. 436, 237 Pac. 998; *State ex rel. Beebe v. Seattle,* 159 Wash. 392, 293 Pac. 459; *State ex rel. Tate v. Seattle,* 180 Wash. 635, 41 P. (2d) 784.

The record in the case before us discloses that the civil authorities acted within the prescribed rules, and there is nothing from which it can fairly be contended that their action was arbitrary or capricious.

The judgment is affirmed.

MILLARD, C. J., MAIN, GERAGHTY, and BLAKE, JJ., concur.