[No. 30023.   *En Banc.*   July 10, 1947.]

CLARENCE A. SCHELL, *Appellant,* v. THE CITY OF ABERDEEN, *Respondent and Cross-appellant.*[1]

[1]Reported in 183 P. (2d) 466.

*F. L. Morgan,* for appellant.

*A. D. Gillies,* for respondent and cross-appellant.

ROBINSON, J.—In this cause, judgment for $183.87 was rendered in favor of Clarence A. Schell against the city of Aberdeen. He appeals, contending that the evidence warranted a greater recovery, and the city cross-appeals, contending that he was not legally entitled to recover judgment in any amount. There is no conflict as to the facts, which may be summarized as follows:

For something like fourteen years prior to the occurrence of the events which resulted in this action, appellant, Schell, had been employed as a fireman by the city of Aberdeen. The fire department operated under a platoon system, the men working in twenty-four hour shifts; that is, twenty-four hours on duty alternating with twenty-four hours off duty. The city civil service ordinance provided, among others, the following causes for removal. We quote from subparagraphs of § 36:

"(3) Wilful violation of any lawful and reasonable regulation, order or direction made or given by a superior officer where such violation has amounted to insubordination or serious breach of proper discipline or has resulted in loss or injury to the city or to the public.

"(15) Employment in gainful occupations for profit in addition to regular civil service duties."

Early during the war period, on account of the general scarcity of labor, some of the city firemen worked at various employments during their off-hours. Taking cognizance of this, the city council directed its fire and light committee to investigate the practice of other cities as to such employment, and, on September 23, 1942, adopted the committee's report which read as follows:

"Your Committee on Fire and Light,

"To whom was referred the matter of employees under civil service accepting outside employment reports that the information received is incomplete but your committee has

learned that restrictions on outside employment is prevalent in most other Washington cities. The Washington Surveying and Rating Bureau has the matter under advisement and has promised a report.

"We recommend that pending further information the firemen be permitted to continue on outside employment subject, however, to the discretion and approval of the Fire Chief as to hours of labor, place and employment and the nature of employment."

On September 14, 1944, the following notice was posted on the fire department bulletin board:

"To the officers and men of the fire department.

"Men who are doing painting outside of fire department work will stop painting when the job they have started is finished. No new jobs to be started after this date. Ordered by City Council.                    C. A. Borum,
                               "Chief of Fire Department."

Plaintiff testified that he saw and read this notice and informed the chief of the fire department that he did not intend to obey it. He further testified that he started new jobs after September 14th. On the eleventh day of October, 1944, he was handed the following suspension notice:

"Mr. Clarence A. Schell
"Fire Department
"Aberdeen, Washington
"Dear Sir:

"This is to inform you that you have been suspended from the Fire Department for disobeying orders to stop painting outside of your regular duties as a fireman. This is in order with the action taken by the City Council.
                     "Very truly yours,
                          "Chas. A. Borum,
                     "Chief of Fire Department."

Section 8 of the Aberdeen civil service ordinance provides, in part, as follows:

"REMOVALS. Every officer or employee in the classified civil service shall hold office until removed or retired. Any officer or employee in such service may be removed by the appointing officer only upon the filing with the Commission of a statement in writing of the reasons therefor. Any officer or employee so removed may within five (5) days after his removal demand an investigation. The Commission shall

*forthwith* make such investigation and its findings and decision shall be certified to the appointing officer and if the removal is not sustained thereby, the officer or employee so removed shall at once be reinstated. *Nothing in this section shall limit the power of any officer to suspend, without pay, a subordinate for a period not exceeding thirty (30) days."* (Italics ours.)

Schell testified that, within five days after his suspension, he went to Mr. Martinsen, chairman of the civil service board, and asked for a hearing; that Martinsen promised that a hearing would be held; and that, after waiting some time, he wrote to Martinsen concerning the matter. The letter is an exhibit in the case. It is addressed to Martinsen as chairman of the civil service board, and its text is as follows:

"I was in your place of business October 16 and asked you for a hearing before the Civil Service Board regarding my suspension October 11. You stated that a board meeting was held the first part of each month but I have had no notice to appear.

"Please advise what action has been taken, if any."

Schell further testified that he received no answer to this letter, and added: "I went to see him again. He said, 'Aren't you back to work?' I told him, 'No. I never received an order to go back to work.'" He further testified that, on that occasion, Martinsen told him he did not need a hearing, and that, several days after that conversation, he met the assistant chief of the fire department, who told him the chief was looking for him, and that he went over to see him.

"Q. What happened then? A. I walked in and he said, 'Do you want to go to work?' I said, 'Sure I will. Any time you allow me to go back to work,' and the Civil Service Board put me back to work. Q. That was three or four days after your last demand on the Civil Service Commission for a hearing? A. I would say within three or four days, maybe a week. It was a few days, I know. Q. Then they had taken some action? A. Yes, but I don't know what it was. Q. You were put back to work? A. At any rate I was put back to work."

Schell's testimony was in no way rebutted; in fact, no other witness was called by either party.

█ The trial court held that the effect of the chief's notice to Schell of October 11th, was to legally suspend him for a period of thirty days. Schell appeals from that holding, principally upon the contention that the notice was not given as a thirty-day suspension by the chief, under § 8 of the ordinance hereinbefore quoted, pointing out that no period of time was specified therein. But we think, as to this point, the omission was immaterial. It is perfectly clear that the chief had both cause and legal right to suspend him for that period, and the suspension was effective for that period.

█ It is not contended by the cross-appellant that the chief's notice of suspension was effective for any further period. The real question seems to be: Should Schell be denied recovery as to the additional time off because he did not present himself for work at the end of the thirty-day period? Here, the omission to specify that the suspension was for thirty days only, becomes material. It seems to us that Schell was justified in regarding the order as a suspension for an indefinite time. Acting upon that assumption, he demanded a hearing within the five-day period fixed by the ordinance. He was promised a hearing, something being said to the effect that it would be about the first of November, and, after that date had passed, he wrote a letter to the chairman of the civil service board referring to the fact that he had asked for a hearing and closing with this sentence:

"You stated that a board meeting was held the first part of each month but I have had no notice to appear."

He received no answer to this letter, and some days thereafter called on the president of the board, who met him with the inquiry: "Aren't you back to work?" and told him he did not need a hearing. Some few days thereafter, he returned to work on the chief's invitation. Certainly, there is no claim that he was off duty during the additional period by virtue of any finding, order, or directive of the

commission. In our opinion, the additional time was not lost through his fault.

The cross-appeal is almost wholly based on legal grounds raised at various stages of the proceeding by demurrer, motion for judgment on the pleadings, and for dismissal at the close of plaintiff's case. A number of our former decisions are relied on, of which *State ex rel. Beebe v. Seattle,* 159 Wash. 392, 293 Pac. 459, is typical. Many others are cited to the point that the proceedings of a civil service commission are judicial, and that courts have no power to receive original evidence on appeal from their determinations, being limited to reviewing the record made before the board. It is said, in cross-appellant's brief, that a civil service employee cannot directly sue a city for compensation as the sole defendant and therein have the court review the conduct of a head of the department and the acts and decisions of the civil service commission. It is further said:

"To hold otherwise would be to deny the often stated rule that a first class city has the power to create a tribunal viz., a Civil Service Commission, with power to hear and decide whether a city employee under civil service shall be suspended, dismissed or retained.

"To so hold would further deny that the proceedings of a civil service commission are judicial in their nature and that so long as the rules of the Civil Service Commission provide an orderly procedure by which a discharged employee may have his dismissal investigated, the courts have no power or authority to alter or amend the procedure or interfere with the judicial determination of the commission."

The holding of the trial court in this case in no way denies the power of a city to establish a civil service commission nor that the proceedings of such commission are judicial in their nature. Nor does it alter or amend commission procedure in any respect, and, certainly, it does not presume to interfere with any judicial determination of the Aberdeen civil service commission. As the record shows, the commission never took any action in the matter whatsoever. The act of the chief of the fire department was the only act questioned, and the trial court gave to that act the

fullest possible effect that the defendant city claimed for it.

The judgment of the trial court is affirmed. Neither party to the appeal will recover costs in this court.

MALLERY, C. J., MILLARD, STEINERT, JEFFERS, ABEL, and HILL, JJ., concur.

SIMPSON, J. (dissenting)—Mr. Schell was suspended by the chief of the city fire department. The chief had the right under the ordinance to suspend the fireman for thirty days. From that order there was no appeal. True, if the suspension had been permanent, Schell would have had the right to appeal to the civil service commission, and the denial of that right would have entitled him to institute a proceeding to compel the board to grant him a hearing. However, no order was ever made which in any way tended to separate the fireman from his position. Schell had no complaint and could have gone back to work at the end of the thirty-day period had he so desired.

The majority opinion is contrary to all of our cases dealing with civil service. The proceedings of a civil service commission are judicial in their nature. *Price v. Seattle,* 39 Wash. 376, 81 Pac. 847; *Crouch v. Ross,* 83 Wash. 73, 145 Pac. 87; *State ex rel. Wolcott v. Boyington,* 110 Wash. 622, 188 Pac. 777; *Carleton v. Board of Police Pension Fund Com'rs,* 115 Wash. 572, 197 Pac. 925; *Ford v. Seattle,* 117 Wash. 55, 200 Pac. 568; *Ryan v. Everett,* 121 Wash. 342, 209 Pac. 532; *State ex rel. Boltin v. Cotterill,* 125 Wash. 533, 216 Pac. 851; *Bridges v. Patterson,* 135 Wash. 436, 237 Pac. 998; *State ex rel. Beebe v. Seattle,* 159 Wash. 392, 293 Pac. 459; and *State ex rel. Tate v. Seattle,* 180 Wash. 635, 41 P. (2d) 784.

In the *Carleton* case, it appears that the widow of a policeman applied to the pension board for a pension. Her application was rejected, and she brought an action in the superior court seeking a writ of review and asked that she be allowed to introduce evidence in the superior court as if the case were originally triable in that court. This court held, however, that the trial court had no power to receive evidence, and that its jurisdiction to review the proceedings of

a civil service board was limited to the record of the proceedings before that board.

In the *Beebe* case, this court said:

"Under our repeated holdings therefore, under the provisions of the Seattle charter and other like charters which have been quoted at length in various decisions, the courts have no power to inquire into the cause or reason for the removal. As we have said, the charter and the rules of the civil service commission provide an orderly procedure by which a discharged employee of the city may have the cause of his dismissal investigated, and the courts have no power or authority to alter or amend this procedure. They cannot inquire into the justice of the employee's cause, nor inquire whether the grounds upon which the discharge is based are well founded, unless it be in an extreme case, of which this is not one. Their power is confined to the inquiry whether the officers empowered to make the discharge have in so doing acted within the prescribed rules. [Citing cases.]"

The law being as just stated, how can it be said that a trial court may proceed to allow damages or back pay without first having before it the decision of the civil service commission? The answer is that under our rule the only right a trial court has is to review the record of the civil service commission. There being no record, there is nothing to review. In making this statement, I have in mind that the civil service board of the city of Aberdeen never acted upon this case.

The majority opinion does not discuss the cases to which I have referred for the simple reason that their logic is unanswerable.